UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLOTTE B. LIND,

                                      Plaintiff,

                                                                                 <u>DECISION AND ORDER</u>

                                                                                   05-CV-6162L

                            v.
MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

                                        Defendant.
_____

Pending before the Court is a motion by plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorneys fees pursuant to 42 U.S.C. §406(b)(1). (Dkt. #18). Pursuant to a contingent fee agreement with plaintiff providing for attorneys fees in the amount of 25% of any award recovered by plaintiff, plaintiff's counsel, William J. McDonald, Jr., seeks net fees in the amount of $14,828, which constitutes the balance of 25% of the past due benefits awarded to plaintiff ($24,591.00), minus the $9,763.00 EAJA award already paid to McDonald as attorney's fee for services performed at the administrative level.

By Consent Order dated and entered October 23, 2008 (Dkt. #17), the Second Circuit and this Court previously awarded McDonald attorney's fees under the Equal Access to Justice Act

---

[1] Plaintiff's complaint names former Commissioner of Social Security Joanne B. Barnhart as the defendant. Michael J. Astrue, the current Commissioner, automatically is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

(EAJA), 28 USC §2412(d) in the amount of $9,763.00, plus $2,701.06 in costs, for a total of $9,790.10. Pursuant to the applicable law, McDonald's application also requests that, in the event the instant application is granted, the Court order the payment of the EAJA attorney fee award to plaintiff.

The Commissioner has filed no opposition to plaintiff's motion.

I find that the amount of the requested fee is reasonable, in light of the character of the representation, McDonald's expertise in Social Security law, the results achieved, and the absence of any delay in the proceedings by McDonald. *See Silliman v. Barnhart*, 421 F. Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). In making this award, the Court is also mindful of the deference that is owed to agreements between an attorney and his client, the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 122 S.Ct. 1817 (2002).

Plaintiff was awarded $98,364.00 in past-due benefits, after a lengthy case history that involved multiple administrative proceedings, as well as proceedings in this Court and before the Second Circuit Court of Appeals. Pursuant to the contingency fee agreement between plaintiff and McDonald, McDonald is therefore entitled to twenty-five percent of the total award for past-due benefits. The Commissioner has withheld this amount from plaintiff's past-due benefits, and plaintiff has filed an affidavit consenting to the fee. (Dkt. #18-2, Exh. K).

CONCLUSION

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. #18) in the amount of $24,591.00 is granted. The award is to be made payable to Mark M. McDonald, Esq., attorney for plaintiff. McDonald is ordered to refund to the plaintiff the amount of $9,790.10.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE

Dated: Rochester, New York
       May 25, 2010.